IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACOB R. SALAIS | § | |
| | § | |
| V. | § | CASE NO. _____ |
| | § | |
| HOUSTON DISTRIBUTING | § | JURY TRIAL DEMANDED |
| COMPANY, INC. | § | FLSA COLLECTIVE ACTION |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Jacob R. Salais ("Salais") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Houston Distributing Company, Inc., ("HDC"), Defendant.

## I.
## SUBJECT MATTER JURISDICTION AND VENUE

1. This court has original subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves a federal question under the FLSA, 29 U.S.C. §216 (b).

2. Venue is proper in this court pursuant to 28 U.S.C. §1391 (b).

3. Defendant conducts substantial business in this district and division, maintains a place of business in Houston, Harris County, Texas, and the events forming the basis of this suit occurred in this District.

## II.
## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff Jacob Salais is an individual residing in Harris County, Texas. Mr. Salais was employed as a flow rack technician by Defendant in Houston, Texas from October, 2015 until July, 2016. Mr. Salais' written consent form to become a plaintiff in this action is attached hereto as Exhibit 1 and is incorporated herein.

5. Salais brings this action on behalf of himself and all other similarly situated employees under §216(b) of the FLSA (the "FLSA Class"). See 29 U.S.C. §216(b).

6. The FLSA Class was subjected to the same unlawful policy as Salais and is properly defined as:

> **All plant workers employed by Defendant in the past three years who were required to work through their meal period or were not permitted to take an uninterrupted meal break, and who were not compensated for that time.**

7. The FLSA Class Members are easily ascertainable from Defendant's business records, particularly its personnel and payroll records.

8. Defendant, Houston Distributing Company, Inc. is a domestic, for-profit corporation that may be served with process by serving its registered agent for service of process, Richard C. Roberts, at 7100 High Life Drive, Houston, TX 77066.

## III.
## FLSA COVERAGE

9. In all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. §203(d).

10. At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. §203(r).

11. Plaintiff and Class Members are employees of Defendant within the meaning of 29 U.S.C. §203(e).

12. At all material times, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of §3(s)(1) of the FLSA because Defendant

has had and continues to have employees engaged in commerce or in the production of goods for commerce. 29 U.S.C. §203(s)(1).

13. Defendant has had, and continues to have, an annual gross volume of sales or business done of not less than $500,000, in excess of the statutory requirement. 29 U.S.C. §203(s)(1)(A)(ii).

14. In addition to Plaintiff, Defendant employs and has employed numerous other employees who, like Plaintiff, are plant workers engaged in interstate commerce. Further, Defendant itself is engaged in interstate commerce since it orders supplies across state lines, conducts business deals with merchants across state lines, and processes financial transactions with merchants and banks in other states.

15. Plaintiff and Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## IV.
## FACTS

16. An employer who can establish that its employees received a bona fide meal period which primarily benefitted the employee is not required to compensate the employee for the meal period. In this case, Defendant maintained a policy and practice of deducting two and half hours of pay per week from its employees' paychecks but did not permit its employees to take a 30 minute uninterrupted and bona fide meal break during each day of the week.

17. The Defendant maintains a payroll policy that does not compensate hourly paid plant workers for work performed during the meal periods and in fact penalizes these employees by deducting 30 minutes of wages each day, whether the worker takes a bona fide meal break or not.

18. Plaintiff was classified by Defendant as non-exempt from overtime pay. He and other non-exempt plant workers like him, oftentimes work more than 40 hours per week. When the Defendant's payroll policy improperly deducts wages for lunch periods which were not taken, these workers lose not only their hourly wage but also overtime wages at time and one half. In his interactions with other plant workers, Plaintiff has learned that he is not the only employee subjected to the underpayment of wages and overtime as a result of the improper deduction for meal periods. Many other plant members are subject to the same deductions, whether they take a meal break or not.

19. These 30 minute blocks of unpaid time are compensable under the FLSA because (1) Plaintiff and the Class Members were not completely relieved of their duties during their lunch break; (2) they were not permitted to take an uninterrupted lunch; or (3) they were required to work through their meal period as part of the requirements of the job.

20. The common policy and practice undertaken by Defendant to systematically deduct meal periods from its plant workers' compensation was willful, and was not based on a good-faith and reasonable belief that its conduct complied with the FLSA.

## V.
## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all employees meeting the FLSA class definition in paragraph 6 above. Defendant has failed to pay these employees for the missing meal breaks described hereinabove.

22. This action is brought as an "opt-in" collective action for the claims asserted by Plaintiff because his claims are similar to the claims possessed by FLSA Class Members. 29 U.S.C. §216(b).

23. As reflected in the factual recitation above, Plaintiff has actual knowledge that other plant workers and FLSA Class Members have been denied compensation for meal breaks that they were required to work through. Plaintiff also has actual knowledge that FLSA Class Members have been denied overtime pay for work performed during meal periods and would likely join this collective action if given the opportunity. Thus, these FLSA Class Members should be given notice of their rights to join this action and to be free from termination or retaliation as a result of exercising these rights.

24. Plaintiff and the FLSA Class Members are similarly situated because Defendant subjected the FLSA Class Members to the same common practice, policy or plan of refusing to pay overtime for all hours worked in violation of the FLSA - the same practice, policy or plan to which Plaintiff was subjected.

25. Other plant workers similarly situated to Plaintiff currently work for the Defendant or worked for the Defendant but were not paid overtime for nonexistent meal breaks at the rate of one and one-half times their regular hourly rate when working more than 40 hours in a workweek.

26. Defendant required FLSA Class Members to work in excess of 40 hours per workweek, but denied them full compensation for hours worked over 40 when meal breaks were interrupted or not taken due to their having to "eat as you go."

27. FLSA Class Members perform or have performed the same or similar work as Plaintiff involved in the process of automated beer distribution.

28. FLSA Class Members regularly work or have worked in excess of 40 hours during a workweek.

29. FLSA Class Members are not exempt from receiving overtime compensation under

the FLSA.

30. Because Defendant's failure to pay overtime compensation required by the FLSA arises from a generally applicable policy, practice or plan, it does not depend on the personal circumstances of FLSA Class Members.

31. Despite Plaintiff and some FLSA Class Members having different job titles, this action may be properly maintained as a collective action on behalf of the defined class because during the preceding three year period:

    (a)    it was the Defendant's policy and practice to schedule the work in such a way as to deprive its non-exempt plant workers from a bona fide meal break;

    (b)    it was the Defendant's policy and practice to maintain a payroll system that deducted meal breaks from the total hours worked of its non-exempt employees so as to avoid paying wages and overtime for such meal breaks, whether or not they had been taken; and

    (c)    it was the Defendant's policy, practice and plan not to disclose to non-exempt plant workers that a half hour of time was being deducted from their total hours worked for 2 to 5 work days per week.

32. The particular job titles or job responsibilities of each Class Member do not prevent collective treatment.

33. While the precise job duties performed by the FLSA Class Members might vary somewhat, these differences do not matter for the purpose of determining their entitlement to overtime.

34. Any differences in job duties do not matter in determining whether HDC's policy of

denying overtime pay for missed meal breaks is illegal.

35. FLSA Class Members are entitled to overtime compensation for hours worked in excess of 40 during a workweek for interrupted or nonexistent meal breaks, regardless of their job title or job responsibilities.

36. The damages owed to each FLSA Class Member can be calculated using a simple formula.

37. The claims of Plaintiff and FLSA Class Members arise from a common nucleus of operative facts: the intentional, willful and systematic deduction of meal periods from non-exempt plant workers' compensation. Because this scheme could not succeed without the willing participation of Defendant's supervisors, liability is based upon a plan, policy or practice conducted companywide and intended to harm all FLSA Class Members.

38. In the absence of a collective action, many members of the FLSA Class likely will not obtain redress of their injuries and HDC will retain the proceeds of its violations of the FLSA.

39. Moreover, individual litigation would be unduly burdensome to the judicial system.

40. Permitting the litigation to proceed in one forum as a collective action will promote judicial economy and parity among the claims of individual members of the class and provide for judicial fairness and consistency.

41. The Class of similarly situated plaintiffs is properly defined as set forth in paragraph 6.

42. Including current and former employees who worked for the Defendant during the preceding three-year period, Plaintiff estimates that the FLSA class will include approximately 25 people. FLSA Class Members can be ascertained from Defendant's personnel and payroll records

and from Class Members during the notice and "opt-in" process provided by 29 U.S.C. §216(b). The names and addresses of the Class Members of the collective action are discoverable from Defendant. Notice should be provided to these individuals via first-class mail and email, in accordance with similar notices customarily used in representative actions.

## VI.
## COUNT ONE
## VIOLATION OF 29 U.S.C. §207
## FAILURE TO PAY OVERTIME COMPENSATION
## (COLLECTIVE ACTION)

43. Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 42.

44. Plaintiff and FLSA Class Members, current and former employees of the Defendant, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

45. Covered employers are required to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a workweek.

46. At all times relevant to this complaint, Defendant required Plaintiff and the FLSA Class Members to work through meal breaks.

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Class Members have been deprived of wages owed for work they performed and for which Defendant derived a direct and substantial benefit.

48. Defendant cannot meet its burden of proof to establish that Plaintiff and the FLSA Class Members received a bona fide meal break for every half hour deducted from their wages.

49. Defendant violated and continues to violate the FLSA by failing to pay Plaintiff and

the FLSA Class Members under 29 U.S.C. §207 as non-exempt employees. These violations have caused Plaintiff and the FLSA Class Members to suffer a loss of wages.

50. The Defendant's failure to pay wages and overtime to Plaintiff and the FLSA Class Members was willful and not based on a good-faith belief that its conduct did not violate the FLSA. Therefore, the Defendant's conduct as outlined above constitutes a willful violation of the FLSA pursuant to 29 U.S.C. §255(a).

## VII.
## COUNT TWO
## VIOLATION OF 29 U.S.C. §207
## FAILURE TO PAY OVERTIME FOR "OFF THE CLOCK" WORK

51. Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 42.

52. During the period of his employment, Defendant required Plaintiff to work through his lunch break, sometimes five days per week and sometimes two days per week.

53. Plaintiff was not being compensated for these missed meal breaks because the Defendant was surreptitiously deducting the meal breaks from the hours he worked. The deductions did not appear on Plaintiff's pay stubs.

54. As a result of Defendant's payroll policies and practices, Plaintiff performed work for which he was not compensated.

55. Throughout the entire time he was employed by the Defendant, Plaintiff suffered a wage loss in every week he worked through meal breaks but was not compensated for his time. Defendant violated the FLSA by failing to pay Plaintiff for "off the clock" work under 29 U.S.C. §207 as a non-exempt employee.

56. The Defendant's failure to pay wages and overtime to Plaintiff was willful and not based on a good-faith belief that its conduct did not violate the FLSA. Therefore, the Defendant's conduct as outlined above constitutes a willful violation of the FLSA pursuant to 29 U.S.C. §255(a).

## VIII.
## DAMAGES

57. Plaintiff and the FLSA Class Members are entitled to recover their unpaid wage and overtime compensation.

58. Plaintiff and the FLSA Class Members are entitled to an amount equal to all of their unpaid wages and overtime due under the FLSA as liquidated damages.

59. Plaintiff and the FLSA Class Members are entitled to recover attorney's fees and costs as required by the FLSA.

## IX.
## JURY DEMAND

60. Plaintiff hereby requests a trial by jury.

## X.
## PRAYER

61. For these reasons, Plaintiff and the FLSA Class Members respectfully request that judgment be entered in their favor for the following relief:

    (a) an order designating this action as a collective action on behalf of the collective class and issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA Class to permit them to join this action by filing a written notice of consent;

    (b) a judgment against HDC awarding Salais and the FLSA Class all their unpaid

    wages and overtime compensation and an additional, equal amount, as liquidated damages;

 (c) an order awarding reasonable attorney's fees, costs, and expenses of this action;

 (d) pre-and post-judgment interest at the highest applicable rates; and

 (e) such other and further relief to which plaintiff and the FLSA Class Members may be entitled at law or in equity.

    Respectfully submitted,

    */s/Robert J. Filteau*
    Robert J. Filteau
    State Bar No. 06997300
    Fed. I.D. No. 3540
    rfilteau@fso-lawprac.com
    9894 Bissonnet Street, Suite 865
    Houston, Texas 77036
    (713) 236-1400 Telephone
    (713) 236-1706 Telecopier

    **ATTORNEY-IN-CHARGE FOR PLAINTIFF, JACOB R. SALAIS**

OF COUNSEL FOR PLAINTIFF:

John A. Sullivan III
State Bar No. 19483500
Fed. I.D. No. 1398
jsullivan@fso-lawprac.com
and
THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP
9894 Bissonnet, Suite 865
Houston, Texas 77036
(713) 236-1400 Telephone
(713) 236-1706 Telecopier