UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACOB R SALAIS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-2715 |
| § | |
| HOUSTON DISTRIBUTING COMPANY, § | |
| INC., § | |
| § | |
| Defendant. § | |

## ORDER AND OPINION

Before the court is the Plaintiff's Motion for Conditional Class Certification and Notice, filed January 27, 2017. Doc. 12. The Defendant filed its Response to the Plaintiff's Motion on February 16, 2017. Doc. 13. The Plaintiff filed his Reply on February 23, 2017. Doc. 14. After considering these documents and the applicable law, the court hereby DENIES the Plaintiff's Motion for Conditional Class Certification and Notice.

**I.     Background**

The Plaintiff, Jacob Salais, is a former employee of the Defendant, Houston Distributing Company, Inc., ("HDC"). There is some disagreement regarding the Plaintiff's actual job titles, but his duties primarily consisted of manually feeding cases of beer into an automated distribution and loading system.[1] Doc. 13 at 2. The Plaintiff alleges that the Defendant automatically deducted 30 minutes from each day's work for meal periods even though the workers were required to work during the lunch periods, were often interrupted with work tasks during their lunch period, or were not able to take a lunch break at all. Doc 12 at 5. This caused miscalculations of hours which resulted in unpaid overtime wages. The Plaintiff seeks to certify

---

[1] The Plaintiff says that his job position was "in the towers" and then later, a Flow Rack Technician or Flow Rack Operator. Doc. 12-1 at 1. The Defendant says the Plaintiff's job title was Flow Rack Technician ("FRT") at first, and then later he changed positions to HQS Operator. Doc. 13 at 2.

the following conditional class under the FLSA:

> All plant workers employed by Houston Distributing Company, Inc. during the past three years who were required to work through their meal period or were not permitted to take an uninterrupted meal break, and who were subject to the automatic meal break deduction. ("Putative Class Members").

*Id*. The Defendant opposes the Plaintiff's Motion. Doc. 13. The Motion is now ripe for consideration.

**II.     Legal Standard**

Department of Labor regulations recognize breaks of two categories: rest breaks and meal periods. Rest breaks are generally 5-20 minutes, and benefit the employee with rest, and benefit the employer with a reenergized employee, and are customarily included in the compensated hours of the employee. 29 C.F.R. § 785.18. Meal periods are generally at least 30 minutes long, and are not compensated because they are primarily for the benefit of the employee who is not working during that time. 29 C.F.R. § 785.19.

While most breaks fall neatly into one category or the other, the unique qualities of certain jobs can give rise to breaks that fall into neither category, and courts must decide whether a certain type of break should be compensated as work time or not. The Fifth Circuit has adopted a "predominant benefit test," asking which party, the employer or employee, gains the primary or predominant benefit of that break. *Naylor v. Securiguard, Inc.*, 801 F.3d 501, 506 (5th Cir. 2015). This test asks whether "the employees are subject to real limitations on their personal freedom which inure to the benefit of the employer; whether restrictions are placed on the employee's activities during those times...; whether the employee remains responsible for substantial work-related duties; and how frequently the time is actually interrupted by work-related duties." *Id.* (quoting *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 265 (5th Cir.

1998)). The employer bears the burden of showing that a lunch break is a "bona fide meal period" that need not be compensated. *Id.*

The FLSA mandates that a covered employee's work week is limited to 40 hours, and that any hours worked in excess of 40 must be compensated at a rate of at least 1.5 times the normal hourly pay rate. 29 U.S.C. § 207(a). Section 216 of the FLSA allows employees to bring claims against employers for violations of this overtime requirement, and employees can bring these claims "for and in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

This "consent in writing" language has been interpreted to mean that employees must opt in to FLSA collective actions, in contrast to a Rule 23 class action, which combines the claims of the employees who simply fail to opt out of the class. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Neither the FLSA nor Fifth Circuit case law provide a rule defining "similarly situated," but the court in *Mooney* recognized two methods of answering the similarly situated question. *Id.* These are: (1) the two-step *Lusardi* approach, in which a class is conditionally certified based on minimal evidence and can later be decertified by defendant's motion after discovery has taken place, and (2) the *Shushan* approach, which looks to the numerosity, commonality, typicality and adequacy of representation of the class. *Id.* "[T]he prevailing test among the federal courts," including this court, is the two-step *Lusardi* analysis. *Nieddu v. Lifetime Fitness, Inc.*, 977 F. Supp. 2d 686, 690 (S.D. Tex. 2013); *see also Clarke v. Convergys Customer Mgmt. Grp., Inc.*, 370 F. Supp. 2d 601, 605 (S.D. Tex. 2005) (quoting *Barnett v.*

*Countrywide Credit Indus., Inc.*, No. CIV.A 3:01-CV-1182-M, 2002 WL 1023161 at *1 (N.D. Tex. May 21, 2002)).

To complete the first step in the *Lusardi* analysis, a plaintiff must make a minimal showing that (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit. *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. 2012). At this notice stage, addressing the merits of the claims is premature. *Id.* (citing *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 926 (D. Ariz. 2010)). Because the notice inquiry generally occurs before discovery, there is a lenient burden on the plaintiff to show that the putative class members are similarly situated. *Heeg*, 907 F. Supp. 2d at 861. The FLSA is a remedial statute, and should be construed broadly. *Vanzzini v. Action Meat Distributors, Inc.*, 995 F. Supp. 2d 703, 721 (S.D. Tex. 2014) (citations omitted). Courts generally decide whether the burden is met "based only on the pleadings and any affidavits which have been submitted." *Mooney*, 54 F.3d at 1213–14. While the burden is lenient, the factual showing must be based on competent evidence, and this means that, at the very least, some personal knowledge of the facts is required. *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995 (E.D. Tex. 2011) (citations omitted).

### III. Discussion

**Whether Other Individuals Want to Join the Lawsuit**

As discussed below, the last prong of the test is not met. Therefore the court declines to discuss the first two prongs of the test. The third prong considers whether other potential plaintiffs want to opt-in to the Plaintiff's suit. *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010). "A plaintiff must do more than show the mere existence of other

similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit. Affidavits from potential class members affirming their intention to join the suit are ideal for an analysis of whether the putative class members were together the victims of a single decision, policy, or plan." *Id*. at 805 (internal quotations and citations omitted). This requirement exists because "[o]thers' interest in joining the litigation is relevant to deciding whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants in a collective action." *Simmons v. T-Mobile USA, Inc.,* No. CIV A H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007). Furthermore, "courts ... have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Valcho v. Dallas Cty. Hosp. Dist.*, 574 F. Supp. 2d 618, 622 (N.D. Tex. 2008) (quoting *D'Anna v. M/A-Com, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995)).

Salais has not included any affidavits from other potential class members, nor does he allege that he is aware of any specific individuals who are interested in joining the lawsuit. Salais only makes a bare statement that he "know[s] that other current and former employees…would be interested to learn about this lawsuit." Doc. 12-1 at 2. This is not sufficient to meet this prong and thus class certification is not appropriate. *Pacheco v. Aldeeb*, No. 5:14-CV-121-DAE, 2015 WL 1509570, at *8 (W.D. Tex. Mar. 31, 2015) ("In addition to requiring the existence of similarly situated individuals, most courts require that a plaintiff present some evidence that those individuals are likely to opt-in to the lawsuit."); *Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 522 (N.D. Tex. 2014) ("[B]efore granting court-facilitated notice, the court should satisfy itself that there are other similarly situated employees ... who would desire to opt-in to this lawsuit.") (quoting *Valcho*, 574 F. Supp. 2d at 622); *Simmons,* 2007 WL 210008, at *9 (denying certification where plaintiff did not present any admissible evidence that other

Case 4:16-cv-02715 Document 19 Filed in TXSD on 07/06/17 Page 6 of 6

aggrieved employees were interested in participating in plaintiff's suit); *see also Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007) ("Simply put, a plaintiff must do more than show the mere *existence* of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit."); *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991) ("[T]he district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in.'").

**Conclusion**

For the foregoing reasons it is hereby

**ORDERED** that Plaintiff's Motion for Conditional Class Certification and Notice is **DENIED**.

SIGNED at Houston, Texas, this 6th day of July, 2017.

                                                */s/ Melinda Harmon*
                                                MELINDA HARMON
                                       UNITED STATES DISTRICT JUDGE